ALTEMUS & WAGNER
STEWART C. ALTEMUS (Bar No. 98746)
1255 Sacramento Street
Redding, CA  96001
Telephone:  (530) 242-8800
Facsimile:   (530) 242-8900

DOWNEY BRAND LLP
SOPHIA J. ROWLANDS (Bar No. 251359)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:  (916) 444-1000
Facsimile:   (916) 444-2100

Attorneys for Plaintiffs
7-11 Materials, Inc. and Basic Resources, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 7/11 MATERIALS, INC., a California Corporation and BASIC RESOURCES, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF TEHAMA, TEHAMA COUNTY PLANNING COMMISSION, TEHAMA COUNTY BOARD OF SUPERVISORS, JOHN STOUFER, in his individual and official capacities, GEORGE ROBSON, in his individual and official capacities,<br><br>Defendants. | Case No.  2:08-CV-01373-MCE-EFB<br><br>**STIPULATION FOR PROTECTIVE ORDER; ORDER** |

Whereas the discovery and pretrial phase of this action may involve disclosure of confidential and proprietary business, technical and financial information, as well as information that implicates the privacy rights of parties and nonparties, the parties hereby submit this Stipulated Protective Order for the Court's consideration.

///

///

1028293.2

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

The parties recognize that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. *San Jose Mercury News, Inc. v. U. S. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-95 (7th Cir. 1999) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding").

The public interest, however, does not always trump litigants' property and privacy interests, and Federal Rule of Civil Procedure 26(c) authorizes a district court to override the presumption of public access to discovery materials where good cause is shown. *See San Jose Mercury News*, 187 F.3d at 1103. Rule 26(c) states, in relevant part, that: "Upon motion by a party or by a person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed.R.Civ.P. 26(c)(7). For good cause to exist, the party seeking protection bears the burden of showing prejudice or harm will result if no protective order is granted. *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

The parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information. Specifically, this action arises between participants in a competitive industry and involves claims for damages related to business sales and business goodwill. Discovery in this case will include production of confidential lease agreements and royalty rates which– if shared with opposing and competing parties, as well as the public – could specifically harm the disclosing party's business, because it would result in the loss of the proprietary status of certain business assets and competitive advantages.

///

///

PDF created with pdfFactory trial version www.pdffactory.com

1 | This case will also include the production of documents containing customer information and
2 | information regarding business strategies, which – if shared by the public – could harm the
3 | disclosing party's business because it would result in the disclosure of business strategies and the
4 | loss of their proprietary status.
5 |         Without waiving any objections to the discoverability of any such information, the parties
6 | intend to provide a mechanism by which discovery of relevant information, otherwise not
7 | objectionable, may be obtained in a manner which protects all parties, including nonparties and
8 | third parties to this litigation, from the risk of disclosure of such confidential information.
9 |         WHEREFORE, the parties, by and through their respective counsel, hereby stipulate to,
10 | and seek the Court's approval of, the following protective order:
11 |         1.      Any party acting in good faith to preserve information sought in discovery may
12 | designate such information or documents containing such information as "Confidential" (herein
13 | referred to as "Confidential Information").  A party may only designate information as
14 | confidential if, in good faith, that party concludes that specific harm will result from disclosure of
15 | information to the public, and that the balance of the public's interest in having access to the
16 | document versus the private interest in maintaining its secrecy weighs in favor of non-disclosure.
17 | In making such a determination, the disclosing party shall consider the following factors, which
18 | are neither mandatory nor exhaustive:  (1) whether disclosure will violate any privacy interests,
19 | (2) whether the information is being sought for a legitimate purpose or for an improper purpose,
20 | (3) whether disclosure of the information will cause a party embarrassment, (4) whether
21 | confidentiality is being sought over information important to public health and safety, (5) whether
22 | the sharing of information among litigants will promote fairness and efficiency, (6) whether a
23 | party benefiting from the order of confidentiality is a public entity or official, and (7) whether the
24 | case involves issues important to the public.  *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476,
25 | 463 (3d Cir. 1995).
26 | ///
27 | ///
28 | ///

1028293.2                                           3
                        STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

2. Any party or non-party wishing to come within the provisions of this Order may designate as "Confidential" the documents or portions thereof which it considers confidential at the time the documents are produced. Each page of the document so designated must be marked "Confidential" by the producing party. It is the intent of the parties that each document previously transmitted and designated as "Confidential," including any such documents and information exchanged during discovery while this action was pending in the United States District Court for the Eastern District of California, are to be covered by this Stipulated Protective Order. "Confidential" documents or things which cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing. In the instance of deposition testimony, the deponent, the deponent's counsel, or any party's counsel attending the deposition, shall invoke the provisions of this Order in a timely manner and designate the level of restriction. The deponent, the deponent's counsel, and any party to this action shall have the right, within twenty (20) days of receiving a transcript of the deposition, to designate or change the level of restriction of the transcript, exhibits, or portions thereof.

3. Subject to further order of the Court, any documents or discovery responses labeled as "Confidential" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be used only in connection with this proceeding, and not for any other purpose and may be made available and disclosed to only to the following:

    a. Attorneys of record in this action for the receiving party and employees of such attorneys on a need to know basis;

    b. The parties to this action;

    c. Individuals holding the following positions with County of Tehama, if not a named party: County Administrator, Planning Director, County Counsel, and Deputy County Counsel.

///

///

PDF created with pdfFactory trial version www.pdffactory.com

        d.       The Tehama County Board of Supervisors, in closed session only.

        e.       Expert witnesses who are not directly associated with a party, so long as the designated party follows the procedures set forth in paragraph 5, below; and

        f.       Court reporters and their staff who are required to transcribe testimony.

4.       If a non-designating party wishes to provide Confidential Information and Restricted Information to an expert pursuant to paragraph 3(c), then written notice of intention to provide such Confidential Information or Restricted Information shall be provided to the designating party by facsimile ten (10) days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made. If there is a written objection within the ten (10) day period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information to the expert but shall have the right to bring the dispute before the Court for resolution. The party objecting to the disclosure, however, shall have the burden of showing why the information or documents should not be disclosed to the identified expert. Further, the parties agree that expert witnesses whose identity is disclosed pursuant to this paragraph cannot be deposed regarding any subject related to this litigation unless they have been designated as a testifying expert and in a manner consistent with the Federal Rules of Civil Procedure governing expert discovery.

5.       Each person permitted by the parties or their counsel to have access to designated information under the terms of this Order (other than the persons identified in Paragraphs 3(a) and 3(b)) shall, prior to being given such access, be provided with a copy of this Order for review.

6.       The parties acknowledge the burden placed on the Court when papers are filed under seal. No papers designated as Confidential Information in accordance with paragraph 2, above, shall be filed under seal except pursuant to further order of the court obtained on a duly noticed motion pursuant to Eastern District Local Rule 39-138(b).

///

///

///

///

PDF created with pdfFactory trial version www.pdffactory.com

7. Any party may, upon duly noticed motion, and/or pursuant to the Court's requirements' including a certificate that the party has attempted in good faith to resolve the dispute without judicial intervention, challenge the designation of any information as Confidential Information or Restricted Information or seek to modify the scope of the prohibition against disclosure. The putatively Confidential Information or Restricted Information may be lodged under seal with such a motion. It shall be the burden of the party who makes the designation to demonstrate that the material or information at issue was properly designated. If such a motion is made or resisted without substantial justification, the prevailing party will be entitled to reasonable fees and costs incurred as a result.

8. This Stipulation and Order may be modified only if such modification is in writing, signed by the parties, and approved by an Order of the Court.

9. Upon termination of this proceeding, unless the attorneys of record otherwise agree in writing, each party shall: (a) assemble and return all designated materials, including copies, to the person(s) and entity(ies) from whom the material was obtained, or (b) destroy all designated materials and provide the other party with written certification that such destruction was made. The attorney of record may retain one (1) copy of any designated materials and retain all copies of designated materials containing attorney work product information provided that such documents will retain their confidentiality designation indefinitely while being held by the attorney.

10. This Stipulation and Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation and Order, nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Nothing in this Order shall be deemed to impact in any way a party's right to object to any discovery requests on any grounds, including attorney-client privilege, work product immunity, or any other protection provided under the law.

PDF created with pdfFactory trial version www.pdffactory.com

11. Any party may seek reconsideration or modification of this Order at any time for good cause.

DATED: January 19, 2010                    DOWNEY BRAND LLP

                                           By:    /s/ Sophia Rowlands
                                                SOPHIA J. ROWLANDS
                                                Attorneys for Plaintiffs

DATED: January 19, 2010                    ANGELO, KILDAY & KILDUFF


                                           By:   /s/ J. Scott Smith as authorized on 1/19/10
                                                J. SCOTT SMITH
                                                Attorneys for Defendants

IT IS SO ORDERED.

DATED: January 25, 2010

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

1028293.2

7

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com